Keith Craig **PLUMMER**
Appellant-Defendant,

v.

**STATE of Indiana, Appellee-Plaintiff.**

No. 584S196.

Supreme Court of Indiana.

Dec. 12, 1985.

Hugh G. Baker, Jr., Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

SHEPARD, Justice.

This is a direct appeal from convictions rendered after a bench trial on two counts of criminal recklessness, a class C felony, Ind. Code § 35–42–2–2 (Burns 1985 Repl.), on resisting law enforcement, a class D felony, Ind. Code § 35–44–3–3(a)(3) (Burns 1985 Repl.), and from an habitual offender determination. Appellant Keith Craig Plummer received an eight year sentence on each criminal recklessness count and a four year sentence for resisting law enforcement, all to be served consecutively. The trial court also imposed a thirty year term for the habitual offender finding.

The sole issue presented by appellant is whether the State presented sufficient evidence to sustain the habitual offender determination. However, the State also raised the following two issues:

(1) Whether the trial judge's statement of aggravating circumstances complies with the specificity requirement, and

(2) Whether the trial judge imposed a separate sentence for the habitual offender determination.

These are the facts which tend to support the trial court's judgment. On June 15, 1983, Detectives Allan Simmons and Dennis Kraeszig were parked in an unmarked police car when they observed appellant speeding in his station wagon. The two detectives followed Plummer who was also disregarding stop signs. When appellant

stopped for a traffic light, the detectives caught up with him. Detective Simmons directed appellant to remain stopped and identified himself as a police officer. Appellant then drove away. A high speed chase ensued, culminating in an accident in which injuries were sustained by several other persons. Plummer crawled out of his car window and ran. Police Officer Mark Kestler apprehended him in an alley near the accident scene.

## I. HABITUAL OFFENDER DETERMINATION

Appellant argues that the trial court's determination that he is an habitual offender was erroneous. He claims that the State did not present sufficient evidence to establish two prior convictions for unrelated felonies.

■ To establish appellant's two prior unrelated felonies the State introduced five exhibits. Exhibits numbered one through three were certified court records which included the informations, judgments, sentence orders, and fingerprint exemplars for each of three different offenses (burglary & theft, escape, and interference with a fireman & obstruction of a police officer). Exhibit number four was comprised of certified prison records which included a photograph, a physical description of a Keith C. Plummer, fingerprints, a commitment order, judgment, and sentence order for both the burglary and escape charges. Fingerprint impressions which Officer Worland took from defendant on the day of the habitual offender hearing were entered in evidence as exhibit five.

Worland, a fingerprint examiner from the Indianapolis Police Department, also identified appellant in court as the man whose prints he took. Worland compared the fingerprints he took with the fingerprint exemplars from the prior conviction records and concluded that all of the fingerprints were made by Plummer.

Appellant acknowledges that these exhibits were properly admitted into evidence during the habitual offender proceedings. However, he argues that a presentation consisting solely of certified documents is insufficient to support an habitual offender determination. Plummer argues that all these exhibits are hearsay and then cites *Morgan v. State* (1982), Ind., 440 N.E.2d 1087, in which this Court held that parole evidence alone is insufficient as a basis for an habitual offender finding. This argument misses the very point of our opinion in *Morgan*, namely that documents of the sort used in this case are necessary to support an habitual offender determination. Not only did the State submit substantial documentation of Plummer's earlier convictions, it presented the testimony of a police officer who qualified as a fingerprint expert. *Twyman v. State* (1982), Ind., 431 N.E.2d 778. The evidence is sufficient to support an habitual offender determination.

## II. AGGRAVATING FACTORS: SPECIFICITY REQUIREMENT

The State has questioned whether the sentencing order adequately specifies aggravating factors to warrant imposition of an enhanced sentence and consecutive terms.

■ The trial judge based his sentencing order upon the following aggravating circumstances:

(1) In addition to the criminal history established at the habitual offender hearing, the pre-sentence report indicated a history of additional and separate criminal activity.

(2) Imposition of a reduced sentence would depreciate the seriousness of the offenses committed.

(3) In the past defendant received short terms of confinement as well as short periods of probation for some serious offenses. These dispositions have not deterred defendant from participating in criminal activity. Therefore, a long term commitment to a penal facility is the only means of rehabilitative treatment for defendant.

(4) The injuries which were inflicted upon at least two of the victims of the present crimes were serious.

The trial judge did not merely tract the statutory criteria but provided instead a specific and individualized statement of aggraviating circumstances in accordance with Ind. Code § 35–38–1–7.

## III. SENTENCING CORRECTIONS

■ The State correctly noted that the trial court incorrectly entered the penalty for the habitual offender finding. The trial judge decided to "enhance the penalty that is imposed by an addition of thirty years" without specifying which of the underlying felonies was being enhanced by reason of the habitual offender determination. *Edwards v. State* (1985), Ind., 479 N.E.2d 541.

The cause is remanded for correction of the habitual offender penalty. In all other respects, the judgment below is affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.