**William L. GREER, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 91S00–9512–CR–1384.

Supreme Court of Indiana.

May 2, 1997.

As Amended May 12, 1997.

Thomas J. O'Brien, O'Brien & Morrissey, Lafayette, for Defendant–Appellant.

Pamela Carter, Attorney General, Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

DICKSON, Justice.

In this appeal the defendant, William L. Greer, challenges the post-appeal transfer of a habitual offender enhancement from a vacated conviction to the remaining conviction.

In 1988, the defendant was convicted of Attempted Murder and Class A Robbery, found to be a habitual offender, sentenced to fifty years for the Robbery conviction and, with the habitual offender enhancement included, eighty years for Attempted Murder. In 1994, in his first direct appeal, this Court reversed the conviction for Attempted Murder, finding that the jury was not properly instructed regarding the element of intent. *Greer v. State,* 643 N.E.2d 324 (Ind.1994). On remand, the State filed a declaration in the trial court that it would not proceed with a retrial on the attempted murder charge, opting "to proceed to sentencing on the counts on which the convictions were affirmed, including the finding that the defendant is an Habitual Offender." Record at 12. At the resentencing hearing, the State requested that:

> [T]he enhancement of the habitual be moved ... from the Attempted Murder count ... and then attach that to the

Robbery as the A Felony.... [T]he court is able to do that because the attachment of the habitual to a count is kind of random ... I suspect the [original] court may have enhanced the Attempted Murder simply because it was Count I....

Record at 30–31. The trial court then resentenced the defendant to eighty years for Class A Robbery.

■ The defendant contends that, by reattaching the habitual offender enhancement to his robbery conviction following remand, the trial court erroneously resentenced the defendant upon a conviction undisturbed by his successful appeal.

Citing *Coble v. State*, 523 N.E.2d 228 (Ind. 1988) (*Coble (II)* ), the defendant contends that, on remand, the trial court may not resentence a Defendant on a conviction not disturbed by the Supreme Court. The defendant in *Coble* was convicted of two counts of burglary and was found to be a habitual offender. The trial court sentenced him to two years on the first count of burglary, two years on the second count, and then enhanced the second count by thirty years for his habitual offender status, with the sentences to run concurrently. On appeal, this Court vacated the habitual offender finding, reversed the judgment of the trial court, and remanded for resentencing, informing the trial court that its resentencing options included the possibility of increase in the underlying sentence. *Coble v. State*, 500 N.E.2d 1221, 1223 n. 1 (1986)(citing *Williams v. State*, 494 N.E.2d 1001 (Ind.Ct.App.1986), *cert. denied* 481 U.S. 1054, 107 S.Ct. 2191, 95 L.Ed.2d 846 (1987)) (*Coble (I)* ). On remand, the trial court resentenced the defendant to six years for the first count, eight years on the second count, and ordered the sentences to run consecutively. The defendant again appealed, and we upheld the increased sentence for the second count and the consecutive sentences. *Coble (II)*. However, we held that the trial court could not resentence the defendant on the first count because it "was not directly affected by the habitual offender status" and "was a final judgment not subject to change upon remand." *Id.* at 228.

In contrast, this Court in *McCormick v. State*, 262 Ind. 303, 317 N.E.2d 428 (Ind. 1974), reversed one of two felony convictions and repositioned the habitual offender enhancement upon the affirmed conviction, rejecting the defendant's request to vacate the habitual offender finding because it was originally "coupled" with the count subsequently vacated. *Id.* at 307, 317 N.E.2d at 429. *McCormick* is not discussed in *Coble (II)*.

■ A habitual offender finding does not constitute a separate crime nor result in a separate sentence, but rather results in a sentence enhancement imposed upon the conviction of a subsequent felony. *Pinkston v. State*, 436 N.E.2d 306, 307–08 (Ind.1982). In the event of simultaneous multiple felony convictions and a finding of habitual offender status, trial courts must impose the resulting penalty enhancement upon only one of the convictions and must specify the conviction to be so enhanced. *Plummer v. State*, 485 N.E.2d 1367, 1369 (Ind.1985). However, a habitual offender finding is merely a jury's determination that, following a defendant's conviction for one or more felonies, the defendant has, in addition, accumulated two prior unrelated felony convictions. IND.CODE § 35–50–2–8(d) (1996). In the case of a habitual offender proceeding following multiple convictions, the jury finding of habitual offender status is not linked to any particular conviction. *See generally* IND.CODE § 35–50–2–8 (1996).

■ Thus, although the penal consequence of a habitual offender finding has no independent status as a separate crime or punishment and exists only as an integral part of a sentence imposed for a specific independent felony, the process for charging and determining a habitual offender status following a trial resulting in multiple felony convictions is independent of each particular felony conviction and applies equally to all such convictions. We decline to interpret *Coble (II)* to prevent the repositioning of the habitual offender enhancement when a defendant appeals from a judgment imposing multiple felony convictions and obtains a reversal of the conviction enhanced by a habitual offender finding. The trial court on remand was not prohibited from revising the sentence for the

surviving felony conviction to reflect the habitual offender enhancement.

The sentence and judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.