**Gerald YOUNG, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 06A01–0808–CR–395.**

Court of Appeals of Indiana.

Feb. 26, 2009.

Alex R. Voils, Jr., Zionsville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

## STATEMENT OF THE CASE

Gerald Young appeals his sentence following his conviction for Operating a Motor Vehicle While Intoxicated, as a Class D felony, and his adjudication as an Habitual Substance Offender. Young presents a single issue for our review, namely, whether the trial court erred when it imposed as a condition of probation that Young is prohibited from operating a motor vehicle. And we address another issue sua sponte, namely, whether Young's sentence is illegal.

We affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On February 14, 2007, Young operated a motor vehicle while intoxicated in Boone County. A breathalyzer test showed that his blood alcohol content was .16%. The State charged Young with two counts of operating a motor vehicle while intoxicated, as Class D felonies, operating a motor vehicle while intoxicated, as a Class A misdemeanor, operating a motor vehicle with at least .15% breath alcohol content, as a Class A misdemeanor, and public intoxication, a Class A misdemeanor. In addition, the State alleged that Young was an habitual substance offender. Young previously had been convicted of operating a motor vehicle while intoxicated in 1992, 1997, and 2004.

Young pleaded guilty to each count and to being an habitual substance offender. But the trial court entered judgment only on one count of operating a motor vehicle while intoxicated, as a Class D felony, and adjudicated Young an habitual substance offender. The trial court sentenced Young to three years, with 855 days suspended, for the Class D felony conviction, and the court imposed five years, with all five years suspended to probation, for being an habitual substance offender. The trial court ordered that Young's driver's license would be suspended for two years, pursuant to Indiana Code Section 9–30–5–10. And, as a condition of probation, the trial court prohibited Young from operating a motor vehicle. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Condition of Probation

Young contends that the trial court erred when, in addition to the two-year suspension of his driver's license under Indiana Code Section 9–30–5–10, the court ordered as a condition of his probation that he could not operate a motor vehicle. Young maintains that that is not a valid condition of probation under Indiana Code Section 35–38–2–2.3. We cannot agree.

Young is correct that Indiana Code Section 9–30–5–10(d) provides that the trial court could only suspend his driver's license for a maximum term of two years. But Young mischaracterizes the contested condition of probation. The trial court did not "suspend his driver's license" for an additional term as a condition of his probation. Rather, the trial court imposed as a condition of his probation that Young could not operate a motor vehicle. The trial court expressly stated that Young was entitled to have his driver's license reinstated at the end of the two-year suspension and that he could own a car. The trial court merely ordered that Young could not operate a motor vehicle.[1]

1. As the State points out, the penal consequence for a violation of this condition of

probation would be different from those for driving with a suspended driver's license.

As the State points out, Indiana Code Section 35–38–2–2.3(a)(14) provides that the trial court can order as a condition of probation that the defendant "[s]atisfy other conditions reasonably related to the person's rehabilitation." And this Court has held that a trial court has discretion to impose conditions of probation that are reasonably related to the treatment of the defendant and the protection of public safety. *Stott v. State*, 822 N.E.2d 176, 180 (Ind.Ct.App.2005), *trans. denied.* Here, given Young's history of driving while intoxicated and his admission that he is in need of rehabilitative treatment for alcoholism, we cannot say that the trial court abused its discretion when it imposed this challenged condition of probation.

### Issue Two: Illegal Sentence

In addition, we address the legality of Young's sentence sua sponte. The trial court ordered that all but 240 days of Young's sentence on the Class D felony conviction would be suspended, and the court suspended the entire sentence enhancement Young received for being an habitual substance offender. But Indiana Code Section 35–50–2–10(f) provides that the trial court "shall" sentence a person found to be an habitual substance offender to an additional fixed term of at least three years but not more than eight years imprisonment. And under Indiana Code Section 35–50–2–2(b), a trial court may suspend only that part of a sentence that is in excess of the minimum sentence, where the felony committed was an offense under Indiana Code Section 9–30–5(OWI) and the person who committed the offense has accumulated at least two prior unrelated convictions under Indiana Code Section 9–30–5. *Bauer v. State*, 875 N.E.2d 744, 750 (Ind.Ct.App.2007) (citing Indiana Code Section 35–50–2–2(b)(4)(R)), *trans. denied.*

Here, because a Class D felony serves as the underlying offense for the habitual substance offender adjudication, the sentencing range for that felony is enhanced such that the new sentencing range is three and a half years to eleven years. *See id.;* Ind.Code § 35–50–2–10(f). And the trial court can only suspend that portion of the sentence in excess of three and a half years. *See Bauer*, 875 N.E.2d at 750. Because the trial court ordered that all but 240 days of Young's sentence would be suspended, that sentence is illegal. We remand to the trial court with instructions to order that three and a half years of Young's eight year sentence[2] be executed and that the remainder of the sentence be suspended to probation. *See id.* at 751.

Affirmed in part, reversed in part, and remanded with instructions.

BAKER, C.J., and KIRSCH, J., concur.

---

The State could file a notice of probation violation in the event of the former, whereas the State could prosecute Young under Indiana Code Section 9–24–19–1, which prohibits driving with a suspended license, in the event of the latter.

**2.** A sentence enhanced under the habitual offender statute is to be treated as one sentence. *Bauer*, 875 N.E.2d at 750 (citing *Collins v. State*, 583 N.E.2d 761, 765 (Ind.Ct.App. 1991)).