**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 03 2012, 9:09 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**EDWARD CHANDLER**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| EDWARD CHANDLER, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )  No.  49A05-1107-PC-396 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Tanya Walton Pratt, Judge
The Honorable Steven J. Rubick, Magistrate
Cause No.  49G01-0301-FB-5498

**January 3, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

<u>STATEMENT OF THE CASE</u>

Edward Chandler appeals the denial of his successive petition for post-conviction relief.

We affirm.

<u>ISSUE</u>

Whether the post-conviction court erred in denying Chandler's petition.

<u>FACTS</u>

In January 2003, the State charged Chandler with Count I robbery, Count II criminal confinement, Count III criminal confinement, and Count IV unlawful possession of a firearm by a serious violent felon. In addition, Chandler was alleged to be an habitual offender. A jury convicted Chandler of all charges and found him to be an habitual offender. The trial court sentenced him to thirteen years on Count I, thirteen years on Count II, thirteen years on Count III with the habitual offender enhancement attached for an additional fourteen years, and ten years on Count IV. The trial court ordered the sentences to run concurrently, for a total sentence of twenty-seven years.

On direct appeal, this Court vacated Chandler's conviction for confinement under Count III on double jeopardy grounds but affirmed all other convictions as well as Chandler's adjudication as an habitual offender. On remand in September 2004, the trial

2

court vacated the conviction and sentence for Count III but did not address the status of the habitual offender enhancement.

In April 2006, Chandler filed a petition for post-conviction relief, which the post-conviction court denied. This Court affirmed the denial. In March 2008, the trial court sua sponte scheduled a hearing to review Chandler's sentence. The trial court told Chandler that he would have a public defender at the hearing.

At the March 14, 2008 sentence review hearing, the trial court explained to Chandler that Indiana law allows a court to re-attach an habitual offender enhancement to another count where the original account to which it was attached has merged or been vacated on appeal. Accordingly, the trial court attached the habitual offender enhancement to Count I. The trial court further explained to Chandler that his sentence would remain the same because all of the sentences ran concurrently. Chandler did not have a public defender at the hearing. Rather, the transcript of the hearing reveals that the trial court stated that Chandler was representing himself. Chandler did not object to representing himself or ask for a public defender.

In September 2008, Chandler filed a motion to correct erroneous sentence arguing that the habitual offender enhancement was erroneously re-attached to Count I. The trial court denied the motion, and this Court affirmed the denial on direct appeal.

In 2009, Chandler filed a pro se Successive Petition for Post-Conviction Relief wherein he argued that 1) the trial court erred in sua sponte scheduling a sentence review hearing more than three years after the trial court vacated his conviction for Count III,

3

and 2) he was denied the right to counsel at the sentence review hearing. The post-conviction court denied the petition, and Chandler appeals.

DECISION

Chandler argues that the post-conviction court erred in denying his successive petition for post-conviction relief. Post-conviction proceedings do not grant a petitioner a "super appeal" but are limited to those issues available under the Indiana Post-Conviction Rules. *Shepherd v. State*, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010). Post-conviction proceedings are civil in nature, and the petitioner bears the burden of proving his grounds by a preponderance of the evidence. *Id.* A petitioner who appeals the denial of a post-conviction relief petition faces a rigorous standard of review because the reviewing court may consider only the evidence and reasonable inferences supporting the judgment of the post-conviction court. *Id.* A petitioner who was denied relief must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court. *Id.*

Here, Chandler argues that the post-conviction court erred in denying his successive petition because the "[post-conviction] court was without Jurisdiction to bring the Petitioner back and Re-attach the Habitual Offender Enhancement after a 3.5 year delay From the Court of App. Decision and the Trial Court[']s Sentencing Modification." Appellant's Br. at 4. Chandler also contends that the "[post-conviction] court erred in not allowing petitioner to have counsel present during his sentencing hearing to make an

4

argument on behalf of the petitioner." Appellant's Br. at 8. According to Chandler, he was denied the right to counsel at a critical stage of the proceeding.

However, both of these issues are waived. A party generally waives appellate review of an issue or argument unless the party raises that issue or argument before the trial court. *Benton Cnty. Remonstrators v. Bd. of Zoning Appeals of Benton Cnty.,* 905 N.E.2d 1090, 1096 (Ind. Ct. App. 2009). This rule is based on several fundamental considerations, including getting the trial court's views on the issues, giving the trial court the opportunity to correct any errors and obviate the need for an appeal, and a concern that all facts bearing on issues that were not raised in the trial court may not be fully developed. *See Endres v. Ind. State Police,* 809 N.E.2d 320, 322 (Ind. 2004) (citing the advantages of preserving judicial resources, fully developing the record, using the trial court's fact finding expertise, and assuring that a claim is tested by the adversary process). Here, had Chandler raised these issues at the March 2008 sentence review hearing, the parties would have had an opportunity to develop a record and provide the court with evidence. Chandler cannot now raise these issues. He has waived them.

Waiver notwithstanding, we find no error. First, an habitual offender finding does not constitute a separate crime or result in a separate sentence. *Reffett v. State*, 844 N.E.2d 1072, 1074 (Ind. Ct. App. 2006). Rather, an habitual offender finding results in a sentence enhancement imposed upon the conviction of a subsequent felony. *Id.* In the event of simultaneous multiple felony convictions and a finding of habitual offender status, trial courts must impose the resulting penalty enhancement upon one of the

convictions and must specify the conviction to be so enhanced. *Greer v. State,* 680 N.E.2d 526, 527 (Ind. 1997). If the enhanced conviction is subsequently vacated, the habitual offender enhancement is not vacated and may be attached to a surviving conviction. *Id.* An unattached enhancement constitutes an illegal sentence, which courts are duty bound to correct at any time. *See Hull v. State*, 799 N.E.2d 1178, 1181 (Ind. Ct. App. 2003). Therefore the trial court had the authority to reattach the habitual offender enhancement to another conviction more than three years after vacating the conviction to which the enhancement was originally attached.

Further, Chandler is correct that the Sixth Amendment to the United States Constitution requires the assistance of counsel at all critical stages of the prosecution. *See Hernandez v. State*, 761 N.E.2d 845, 849 (Ind. 2002). Several considerations bear on what constitutes a critical stage in a proceeding. *Id.* The Indiana Supreme Court formulated the test for identifying a critical stage as "whether the defendant is confronted with the intricacies of the law or the advocacy of the public prosecutor or prosecuting authorities." *Id.* (quoting *Williams v. State,* 555 N.E.2d 133, 136 (Ind. 1990)).

Here, the sentencing review hearing was not a critical state in the proceedings. The reattachment of the habitual offender enhancement to Count I did not raise an issue requiring an evidentiary hearing. Rather, it was based entirely upon the trial court's existing records. Further, Chandler was not confronted with the intricacies of the law or the advocacy of the prosecuting authorities. Under these circumstances, where no argument would have mitigated Chandler's sentence and the law was clear that the trial

6

court had the authority to reattach the habitual offender enhancement to a remaining conviction, Chandler was not denied his right to counsel at a critical stage of the proceeding.

Chandler has failed to show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court. The post-conviction court did not err in denying his petition.

Affirmed.

BAKER, J., and BAILEY, J., concur.