**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 09 2012, 9:00 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**HOLLY L. LYONS**
Greenfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THEOTHUS CARTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 30A05-1203-CR-137 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HANCOCK CIRCUIT COURT
The Honorable Richard C. Culver, Judge
Cause No. 30C01-1006-FA-133

**October 9, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Theothus Carter appeals the sixty-five-year aggregate sentence that was imposed after the trial court re-sentenced him for Attempted Murder,[1] a class A felony, Attempted Robbery,[2] a class A felony, Burglary,[3] a class B felony, and with being a Habitual Offender.[4] In Carter's initial direct appeal to this court, we determined that double jeopardy principles were violated with regard to a conviction for class A felony burglary. Thus, we remanded the cause to the trial court with instructions that it re-sentence him on that offense as a class B felony.

Carter now argues that the trial court abused its discretion in "repositioning" and attaching the habitual offender count on remand to the attempted robbery conviction and ultimately imposing the same sixty-five-year aggregate sentence that was originally imposed. Appellant's Br. p. 3.[5] Concluding that the trial court properly exercised its discretion in attaching the habitual offender count to a different felony count on remand, we affirm.

FACTS

The facts as found in Carter's original appeal are as follows:

---

[1] Ind. Code § 35-42-1-1; Ind. Code § 35-41-5-1.

[2] I.C. § 35-42-5-1; I.C. 35-41-5-1.

[3] Ind. Code § 35-43-2-1.

[4] Ind. Code § 35-50-2-8.

[5] We also note that Carter complains that the trial court erred in allowing the State to file the habitual offender Count in the first instance. Appellant's Br. p. 4-5. However, Carter raised this issue on direct appeal and it was decided adversely to him. Carter, 956 N.E.2d at 172-73. Thus, this claim is barred on the basis of res judicata and is the law of the case. Reed v. State, 856 N.E.2d 1189, 1194 (Ind. Ct. App. 2006).

2

> In May of 2010, Carter and three other people broke into a home in Hancock County in order to take money they believed was there. Carter threatened to kill one resident and he shot the other. The State charged Carter with attempted murder and attempted robbery as Class A felonies and with burglary as a Class B felony. It subsequently amended the burglary charge to a Class A felony and charged Carter with being an habitual offender. A jury found him guilty of all three counts and the court found he was an habitual offender.

Carter v. State, 956 N.E.2d 167, 169 (Ind. Ct. App. 2011), trans. denied. The State had attached the habitual offender count to the class A felony burglary charge for enhancement purposes, and the trial court ultimately sentenced Carter to an aggregate term of sixty-five years of incarceration. More particularly, the sentencing order provided that

> On Count I, Attempted Murder, 40 years to the Indiana Department of Corrections; count II, Attempted robbery, 40 years to the Indiana Department of Corrections and Count III, Burglary, 40 years to the Indiana Department of Corrections. The sentence for Burglary, a class A felony is enhanced by an additional 25 years for a total sentence on Count III of 65 years. The sentences for counts I, II and III are ordered to run concurrent for a total sentence to the Indiana Department of Corrections of 65 years.

Appellant's App. p. 29.

Carter appealed, alleging, among other things, that the convictions for both class A felony attempted robbery and class A felony burglary violated double jeopardy principles. Id. We agreed with Carter's double jeopardy argument, vacated the class A burglary conviction, and directed the trial court on remand to reduce the burglary charge to a class B felony and re-sentence Carter accordingly.

3

At the sentencing hearing on remand, the trial court repositioned the habitual offender count to enhance the class A felony attempted robbery conviction that was alleged in Count II. Thus, the end result was the same, in that Carter was sentenced to an aggregate term of sixty-five years of incarceration. The sentence called for Carter to serve forty years on each of the attempted murder and attempted robbery convictions, and twenty years on the class B burglary conviction, all to run concurrently. The trial court left the habitual offender enhancement, now attached to the attempted robbery conviction, at twenty-five years.

Carter now appeals.

### DISCUSSION AND DECISION

In addressing Carter's contention that the trial court abused its discretion in attaching the habitual offender count to a different felony on remand, we note that the habitual offender finding does not constitute a separate crime nor does it result in a separate sentence. Greer v. Sate, 680 N.E.2d 526, 527 (Ind. 1997). Rather it results in a sentence enhancement imposed on the conviction of a subsequent felony. Id.

When a defendant simultaneously receives multiple felony convictions and a habitual offender finding, a trial court must impose the resulting penalty enhancement upon only one of the convictions and must specify the conviction to be so enhanced. Id. A habitual offender finding is merely a jury's determination, however, that a defendant has accumulated two unrelated felony convictions prior to the current convictions. Id. Therefore, even in the case of a habitual offender proceeding following multiple

4

convictions, the jury's finding of the habitual offender status is not linked to any particular conviction. Id. Indeed, we have specifically determined that "the particular felony conviction to which the habitual offender enhancement is attached is not relevant." Wilson v. State, 688 N.E.2d 1293, 1295 (Ind. Ct. App. 1997).

In light of the above, we find that when the trial court was ordered to re-sentence Carter to class B felony burglary on remand because his conviction for class A felony burglary violated double jeopardy principles, it was appropriate for the trial court to reassess the attachment of the habitual offender enhancement. In other words, we cannot say that Carter's habitual offender status was irrevocably coupled with the burglary conviction. Stated differently, the mere fact that the burglary conviction was re-entered as a class B felony should not preclude the trial court from doing what it could do given any other change to the status of the underlying conviction. Because the underlying conviction had been modified on Carter's direct appeal, the trial court then re-evaluated both the appropriate sentence for the underlying convictions and the appropriateness of attaching the habitual offender enhancement to that sentence.

In fact, Carter conceded that the trial court had the discretion to reposition the habitual offender determination to another felony conviction. Tr. p. 7. And the trial court exercised proper discretion in doing so. Tipton v. State, 765 N.E.2d 187, 189-90 (Ind. Ct. App. 2002). As a result, the trial court's repositioning of the habitual enhancement to Carter's class A felony attempted robbery conviction was not an abuse of discretion, and we decline to set the sentence aside.

5

The judgment of the trial court is affirmed.

ROBB, C.J., and BRADFORD, J., concur.