**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**JOHN T. BRIGHTWELL**
Pendleton Correctional Facility
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Dec 27 2012, 9:44 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN T. BRIGHTWELL, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1205-CR-218 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane R. Boswell, Judge
Cause No. 45G03-9302-CF-32

**December 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

John T. Brightwell appeals the trial court's denial of his motion to correct erroneous sentence. The sole issue presented for our review is whether the trial court abused its discretion when it denied the motion. The State concedes error. Finding an abuse of discretion, we reverse and remand for correction of the sentencing order.

## Facts and Procedural History

The facts indicate that a jury convicted Brightwell of class A felony attempted murder and class A felony robbery. The jury also found Brightwell to be a habitual offender. On March 29, 1994, the trial court sentenced Brightwell in relevant part as follows:

> The Court being duly advised and having considered the written presentence investigation report, now sentences the defendant on conviction of the crimes of Count I – Attempted Murder, a Class A felony; Count II – Robbery, a Class A felony, which is reduced to Robbery, a Class C felony because of double jeopardy concerns; and Count III – Habitual Offender, to a term of thirty-five (35) years in count I; six (6) years in count II; and thirty (30) years in count III. The sentence in counts I & II are to run concurrently. The sentence in count III is to run consecutive to the sentence in count I, for a total sentence of sixty-five (65) years imprisonment.

Appellant's App. at 9. On April 23, 2012, Brightwell filed a motion to correct erroneous sentence pursuant to Indiana Code 35-38-1-15, which the trial court denied. This appeal ensued.

## Discussion and Decision

Brightwell contends, and the State concedes, that the trial court abused its discretion when it denied Brightwell's motion to correct erroneous sentence. Specifically, the trial court erred when it entered a separate thirty-year habitual offender sentence and also failed to

specify which conviction it was enhancing based upon the habitual offender finding. It is well settled that a habitual offender finding does not constitute a separate crime, nor does it result in a separate sentence. *Greer v. State*, 680 N.E.2d 526, 527 (Ind. 1997). Rather, it results in a sentence enhancement imposed upon the conviction of a subsequent felony. *Id.* Moreover, when a defendant is convicted of multiple offenses, the trial court must impose the resulting penalty enhancement on only one of the convictions and must specify the conviction so enhanced. *McIntire v. State*, 717 N.E.2d 96, 102 (Ind. 1999). Failure to specify requires remand to the trial court to correct the sentence with regard to the habitual offender enhancement. *Id.*

Therefore, we reverse the trial court's denial of Brightwell's motion to correct erroneous sentence and remand with instructions to correct the sentencing order to reflect a thirty-year habitual offender enhancement and to assign that enhancement to Brightwell's class A felony attempted murder conviction.[1]

Reversed and remanded.

KIRSCH, J., and MATHIAS, J., concur.

---

[1] We agree with the State that the trial court must attach the habitual offender enhancement to Brightwell's class A felony attempted murder conviction. Pursuant to Indiana Code Section 35-50-2-8, a habitual offender enhancement cannot be more than three times the advisory sentence for the underlying felony and may not exceed thirty years. For class C felony robbery, that would result in a maximum twelve year enhancement as opposed to the thirty-year enhancement clearly intended by the trial court in its original sentence.