## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 13 2015, 9:10 am

Kevin S. Smith

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

R. Patrick Mcgrath
Alcorn Goering & Sage, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kenneth S. Marshall,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 13, 2015

Court of Appeals Cause No.
39A01-1405-CR-204

Appeal from the Jefferson Superior Court
Cause No. 39D01-1209-FB-1100

The Honorable Alison T. Frazier, Judge

**Barnes, Judge.**

# Case Summary

Kenneth Marshall appeals his sentence for Class B felony burglary and his status as an habitual offender. We affirm.

# Issues

Marshall raises two issues, which we restate as:

> I. whether the trial court erred by finding that Marshall's habitual offender enhancement was nonsuspendable; and
>
> II. whether the trial court erred by failing to grant Marshall placement in community corrections.

# Facts

In September 2012, Marshall entered his neighbor's apartment and took money from the neighbor's wallet. The State charged Marshall with Class B felony burglary, Class D felony theft, and alleged that he was an habitual offender. Marshall pled guilty to Class B felony burglary and to being an habitual offender. The trial court initially sentenced Marshall to the minimum sentence of six years for the Class B felony enhanced by the minimum habitual offender enhancement of ten years with the ten-year enhancement suspended to probation. The State filed a motion to correct erroneous sentence, arguing that the habitual offender enhancement was nonsuspendable. The trial court granted the State's motion and corrected Marshall's sentence. In May 2014, the trial court sentenced Marshall to six years for the Class B felony enhanced by

the minimum habitual offender enhancement of ten years with none of the sentence suspended. Marshall now appeals.

## Analysis

### I. *Suspendability of Habitual Offender Enhancement*

Marshall argues that the trial court should have ordered his ten-year habitual offender enhancement to be suspended. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g by* 875 N.E.2d 218 (Ind. 2007). Accordingly, sentencing decisions "are reviewed on appeal only for an abuse of discretion." *Id.*

The minimum sentence for a Class B felony conviction is six years, which the trial court imposed here. *See* Ind. Code § 35-50-2-5. Marshall was also found to be an habitual offender. "A habitual offender finding does not constitute a separate crime nor result in a separate sentence, but rather results in a sentence enhancement imposed upon the conviction of a subsequent felony." *Greer v. State*, 680 N.E.2d 526, 527 (Ind. 1997). At the time of his offense, Indiana Code Section 35-50-2-8 provided that the trial court "shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense." The advisory sentence for a Class B felony was ten years. Consequently, the minimum habitual offender sentencing enhancement for Marshall's offense was ten years. This results in a

minimum possible sentence for Marshall's offense of sixteen years, which the trial court imposed.

[6] Marshall's minimum sentence was nonsuspendable under Indiana Code Section 35-50-2-2(b)(1) because Marshall had prior unrelated felony convictions. *See* I.C. § 35-50-2-2(b)(1) (noting that a "court may suspend only that part of the sentence that is in excess of the minimum sentence" where "[t]he crime committed was a Class A felony or Class B felony and the person has a prior unrelated felony conviction") (repealed by P.L. 158-2013, § 653 (eff. July 1, 2014)). Thus, the trial court properly found that Marshall's minimum sixteen-year sentence was nonsuspendable. *See, e.g.*, *Bauer v. State*, 875 N.E.2d 744 (Ind. Ct. App. 2008) (holding that the trial court only could suspend that portion of the sentence in excess of three and one-half years, which was the minimum sentence for a Class D felony enhanced by an habitual substance offender finding), *trans. denied*; *Young v. State*, 901 N.E.2d 624 (Ind. Ct. App. 2009), *trans. denied*.

[7] Marshall requests that we reconsider the holdings in *Bauer* and *Young* and many other cases with similar holdings. We decline to so do. The State properly points out that, had the legislature disagreed with our interpretation, it had many opportunities to correct our approach. *See, e.g.*, *Bailey v. State*, 979 N.E.2d 133, 141 (Ind. 2012) ("Certainly, had the General Assembly disapproved of our approach and desired to create a threshold standard for physical pain, it could have done so. In the absence of such a change, we think it fair to infer a persuasive degree of legislative acquiescence with respect to our approach.").

We conclude that the trial court did not abuse its discretion when it did not suspend the habitual offender enhancement.

## II. Placement

Next, Marshall argues that the trial court should have placed him in community corrections rather than in the Department of Correction. Marshall raised this issue with the trial court, and the trial court stated that it would be "impractical" to do so given the length of incarceration. Tr. p. 49.

On appeal, Marshall argues that his placement was an abuse of discretion. However, the location where a sentence is to be served is not subject to review for abuse of discretion. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) (citing *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007)). Rather, placement is reviewed under Indiana Appellate Rule 7(B). *Id.* "Nonetheless, we note that it will be quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate." *Id.* "This is because the question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate." *Id.* at 268. "A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate." *Id.* "As a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities." *Id.*

Marshall makes no argument that his placement was inappropriate, and he has waived that issue. Waiver notwithstanding, we cannot say that his placement

was inappropriate. Marshall has four prior theft convictions, and he has failed to respond to escalating punishments. We acknowledge his physical health problems and the health problems of his family. However, we simply cannot say that his placement was inappropriate.

## Conclusion

[10] The trial court properly did not suspend Marshall's habitual offender enhancement. Also, we cannot say that Marshall's placement in the Department of Correction rather than community corrections was inappropriate. We affirm.

[11] Affirmed.

May, J., and Pyle, J., concur.