## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2018, 9:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven Clear, *Appellant-Defendant,* v. State of Indiana, *Appellee-Plaintiff.* | December 21, 2018 |
| | Court of Appeals Case No. 18A-CR-1561 |
| | Appeal from the Shelby Superior Court |
| | The Honorable David N. Riggins, Judge |
| | Trial Court Cause No. 73D02-1603-F6-114 |

**Brown, Judge.**

Steven Clear appeals his sentence for being an habitual vehicular substance offender. We remand.

*Facts and Procedural History*

On March 28, 2016, the State charged Clear with: Count I, operating while intoxicated as a class A misdemeanor; Count II, operating while intoxicated as a level 6 felony; and Count III, driving while suspended as a class A misdemeanor. The State later charged Clear with: Count IV, operating a vehicle with an alcohol concentration equivalent to at least 0.15 grams of alcohol per 210 liters of breath or 100 milliliters of blood; Count V, operating a vehicle while intoxicated as a level 5 felony; and Count VI, being an habitual vehicular substance offender.

On April 19, 2018, the court held a bench trial. The court's sentencing order states that it entered judgment of conviction for Count III, driving while suspended as a class A misdemeanor; Count V, operating a vehicle while intoxicated as a level 5 felony; and Count VI, being an habitual vehicular substance offender. The court found that Count II merged into Count V and that Count V supersedes Count I. The court's order sentenced Clear to thirty-four days for Count III, five years for Count V, and six years for Count VI with all sentences served consecutively to each other and to the sentences under cause numbers 03D02-1801-F6-55 and 03D02-1805-CM-999. In its abstract of judgment, the court listed Counts III, V, and VI as separate counts with the separate sentences imposed.

## *Discussion*

[4] Clear argues that Ind. Code § 9-30-15.5-2(d) directs the trial court to sentence a defendant found to be an habitual vehicular substance offender to an additional term of imprisonment which is added to the term of imprisonment imposed for the underlying felony. He asserts that the trial court treated the habitual vehicular substance offender enhancement as a separate offense with a separate sentence and that remand is appropriate. The State agrees that to the extent there is any confusion about whether the enhancement was entered as a standalone sentence for a separate offense, instead of being entered as an enhancement in relation to the underlying offense, this Court should remand for the trial court to clarify that the enhancement renders the sentence for Count V to be eleven years.

[5] Ind. Code § 9-30-15.5-2(d) provides: "The court shall sentence a person found to be a habitual vehicular substance offender to an additional fixed term of at least one (1) year but not more than eight (8) years of imprisonment, *to be added* to the term of imprisonment imposed under IC 35-50-2 or IC 35-50-3." (Emphasis added).

[6] Recently, in *Weekly v. State*, 105 N.E.3d 1133, 1139 (Ind. Ct. App. 2018), *trans. denied*, we explained that the "to be added" language in this statute is equivalent to the "attach" language in Indiana's habitual offender statute, which provides, in relevant part:

> Habitual offender is a status that results in an enhanced sentence.
> It is not a separate crime and does not result in a consecutive

sentence. The court shall *attach* the habitual offender enhancement to the felony conviction with the highest sentence imposed and specify which felony count is being enhanced.

Ind. Code § 35-50-2-8(j) (emphasis added). "[I]t is well-settled that '"[a] habitual offender finding does not constitute a separate crime nor result in a separate sentence, but rather results in a sentence enhancement imposed upon the conviction of a subsequent felony."'" *Weekly*, 105 N.E.3d at 1139 (quoting *Kilgore v. State*, 922 N.E.2d 114, 120 (Ind. Ct. App. 2010) (quoting *Greer v. State*, 680 N.E.2d 526, 527 (Ind. 1997)), *trans. denied*).

[7] Pursuant to Ind. Code § 9-30-15.5-2, we remand with instructions that the trial court vacate the separate sentence on the habitual vehicular substance offender finding and attach the enhancement to Clear's sentence for operating a vehicle while intoxicated as a level 5 felony under Count V and amend the sentencing order and abstract of judgment accordingly. *See Weekly*, 105 N.E.3d at 1139 (holding that the trial court erred when it ordered the defendant's habitual substance offender sentence to run as a separate, consecutive sentence and remanding for resentencing).

## *Conclusion*

[8] For the foregoing reasons, we remand for entry of an amended sentencing order and abstract of judgment.

[9] Remanded.

Bailey, J., and Bradford, J., concur.