317 N.E.2d 428 (1974)
Gerald Dale McCormick, Appellant,
v.
STATE of Indiana, Appellee.
No. 373S51.
Supreme Court of Indiana.
October 16, 1974.
Harriette Bailey Conn, Public Defender, John R. Gerbracht, Deputy Public Defender, Indianapolis, for appellant.
Theodore L. Sendak, Atty. Gen., Robert F. Colker, Asst. Atty. Gen., Indianapolis, for appellee.
ARTERBURN, Chief Justice.
The Defendant has filed a Petition for Rehearing. He contended in his appeal for post-conviction relief that he was receiving double punishment by reason of having been convicted for Rape (Count I) and Assault and Battery with Intent to Gratify Sexual Desires (Count II). He had been sentenced separately on both charges. In our original opinion we agree that the Defendant could not be sentenced on a lesser included offense after being adjudged guilty and being sentenced on the greater offense. We ordered the judgment and sentencing on the lesser included offense of Assault and Battery with Intent to Gratify Sexual Desires to be vacated, leaving standing the conviction on Rape. Defendant now contends that his conviction and sentencing under the Habitual Criminal Act was error since Count II charging him with two prior felonies as required by the Habitual Criminal Act also recited the charge of Assault and Battery With Intent to Gratify Sexual Desires. The specific argument of the Petition for Rehearing is that since the Assault and Battery With Intent to Gratify Sexual Desires charge has been vacated, the Habitual Criminal sentence must also be vacated because "that charge was coupled with the vacated Assault and Battery charge and not the Rape charge of which Appellant still stands convicted."
*429 With this contention of the Defendant we do not agree. The Habitual Criminal statute does not work in terms of prior convictions being "coupled with" certain new charges. Instead, the statute defines "habitual criminal," establishes the sentence, and prescribes a simple and automatic procedure. What is mandated is a straightforward inquiry as to whether or not a person presently convicted of a felony has twice previously been convicted, sentenced and imprisoned for felonies.
The Habitual Criminal sections read as follows:
"Every person who, after having been twice convicted, sentenced and imprisoned in some penal institution for felony, whether committed heretofore or hereafter, and whether committed in this state or elsewhere within the limits of the United States of America, shall be convicted in any circuit or criminal court in this state for a felony hereafter committed, shall be deemed and taken to be an habitual criminal, and he or she shall be sentenced to imprisonment in the state prison for and during his or her life."
"To authorize a sentence of imprisonment for life under this chapter [§§ 9-2207, 9-2208], the indictment or information shall allege that the defendant has been previously twice convicted, sentenced and imprisoned in some penal institution, for felonies, describing each separately. If the trial jury, in their verdict, find these facts to be true, and convict such defendant of the third felony, the trial court, after passing sentence of imprisonment for a specific term, as prescribed by the statute, shall proceed to sentence the defendant to imprisonment for his or her life." (our emphasis)
IC 1971, 35-8-8-1 and 35-8-8-2, [Burns' Ind. Stat. Ann. § 9-2207, 9-2208 (1956 Repl. and 1974 Supp.)].
It is to be noted that the indictment or information need only allege two previous convictions, etc. for felonies other than the main charge under which the defendant is being tried. The prior convictions, etc. need not be set out in any particular order or form. In Barr v. State, (1933) 205 Ind. 481, 187 N.E. 259, an indictment was in three paragraphs: the first charging the new offense under which the defendant was to be tried and the next two paragraphs reciting the previous convictions, etc. of felonies. This Court held such indictment to be in good form. The court stated:
"Appellant is in error in his assumption that two substantive offenses are charged in the indictment. Only one crime is charged... . It will be observed that by the express terms of [the Habitual Criminal Statute] the indictment or information must allege that the defendant had been previously convicted, sentenced and imprisoned in some penal institution for felonies before he can be adjudged an habitual criminal."
Barr, supra, 205 Ind. at 484, 187 N.E. at 261.
The Habitual Criminal Act is mandatory, not discretionary, with the court when it is shown that a defendant has been convicted of a third felony, the two previous felonies having been alleged and proved. In this case, ignoring the charge of Assault and Battery With Intent to Gratify Sexual Desires, the State alleged in the indictment the felony of Rape, which charge was subsequently proved, and in a second paragraph, two previous convictions, etc. of felonies, which also were proved at trial. These elements are sufficient to sustain a conviction as an Habitual Criminal.
The petition for rehearing is denied.
All Justices concur.