Larry COOLEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 49A02–9208–CR–396.

Court of Appeals of Indiana,
Second District.

Nov. 7, 1994.

Howard Howe, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

*OPINION UPON PETITION
FOR REHEARING*

SULLIVAN, Judge.

 The State seeks a rehearing upon our decision in *Cooley v. State* (1994) Ind.App., 640 N.E.2d 433. In its Petition for Rehearing, the State correctly cites *McCormick v. State* (1974) 262 Ind. 303, 317 N.E.2d 428, for the proposition that a habitual offender enhancement is not irrevocably "coupled with

*the* underlying felony." State's Petition at 3 (emphasis supplied).

■ Inherent in this principle is the situation in which the felony to which the habitual offender enhancement was coupled has been vacated. *McCormick* stands for the proposition that if there was another valid underlying felony conviction entered at the time of the vacated felony conviction, the enhancement may be coupled with that remaining valid conviction. The habitual enhancement need not be vacated along with *the* underlying felony with which it was originally coupled.

■ Be that as it may, after vacating *the* underlying handgun felony conviction, the trial court in this matter coupled the habitual offender enhancement with an underlying misdemeanor conviction. That judgment was the only judgment which was before us in this appeal and, as we held, imposition of the thirty-year enhancement upon the misdemeanor conviction is reversible error.

In the earlier opinion, we declined the State's invitation to remand so that the enhancement might be coupled with the valid remaining felony conviction. We now decline that invitation as renewed in the Petition for Rehearing. In doing so, we express no view with regard to whether, in other circumstances, we would follow the decision of the Fifth District in *Lunsford v. State* (1994), 5th Dist. Ind.App., 640 N.E.2d 59, (order of publication September 1, 1994). Suffice it to say, we are not disposed to decide an issue which is not inherent in the judgment as entered by the trial court. Whether or not the trial court, upon request by the State, might have imposed the thirty-year enhancement required by the old statute is not before us.

The Petition for Rehearing is denied and the opinion and decision rendered September 21, 1994 is hereby confirmed.

FRIEDLANDER and BARTEAU, JJ., concur.