Robert TIPTON, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A04–0107–PC–329.

Court of Appeals of Indiana.

March 22, 2002.

Transfer Denied May 10, 2002.

Susan K. Carpenter, Public Defender of Indiana, Mario Joven, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

BROOK, Chief Judge.

### Case Summary

Appellant-petitioner Robert Tipton ("Tipton") appeals the post-conviction court's revision of his sentence. We affirm.

### Issue

Tipton raises one issue for our review, which we restate as whether the post-conviction court properly repositioned his habitual offender enhancement.

### Facts and Procedural History

On September 12, 1994, Tipton was convicted of the following three counts: Count I, criminal confinement,[1] a Class B felony, Count II, resisting law enforcement[2] as a Class C felony, and Count III, criminal recklessness[3] as a Class C felony. Tipton then pleaded guilty to being a habitual offender. On November 1, 1994, the trial court sentenced Tipton to fifteen years on Count I and six years each on Counts II and III. The trial court attached the habitual offender enhancement to Count II and enhanced the sentence on that count by twelve years. The trial court then ordered the sentences on Counts I and II to run consecutively and the sentence on Count III to run concurrently.

On February 5, 2001, Tipton filed an amended petition for post-conviction relief, alleging that the three convictions violated the constitutional prohibition against double jeopardy. On April 25, 2001, the post-conviction court granted Tipton's petition. In its order, the post-conviction court vacated the Class C felony conviction on Count II and re-entered it as a Class D felony and vacated the conviction on Count III in its entirety. The post-conviction court noted that Tipton's conviction on Count I remained as a Class B felony and that "Tipton's status as an Habitual Offender [was] unaffected by this Petition."

On June 22, 2001, the post-conviction court held a sentencing hearing and resentenced Tipton as follows:

> You will still be serving a period of time following today. That is because of the very serious status of being a habitual offender when you committed this crime and the serious nature of the crime itself. But, you will receive relief from your sentence. .... As to Count I,

because I did not disturb that sentence and the conviction in that through this Post–Conviction process and again because the aggravating circumstances justifying the original sentence of fifteen years on that charge are still there, I will maintain the fifteen year executed sentence as to Count I, the Class B felony. As to Count II, the offense of Resisting Law Enforcement as a Class D felony, the Court finds again that the aggravating circumstances outweigh the mitigating circumstances and will impose a three year executed sentence on that Count as well.

That leaves the Habitual Offender enhancement that needs to be addressed at this point. The Court recognizes that that enhancement was originally attached to Count II. However, under the authority of *Greer* the *State [v]. Greer* [sic], 680 N.E.2nd [sic] 526 [ (Ind.1997) ], I am going to attach that Habitual to Count I, rather than Count II. I am doing that because I don't find it appropriate given the great reduction in the Count II charge that the Habitual attached to that charge rather than the most serious charge that Mr. Tipton faced. I am going to impose an enhancement of ten years to the fifteen year sentence in the Count I. That enhancement will mean a twenty five year sentence, total executed sentence because I'm going to run the sentence in Count II concurrently with Count I at this point.

So, what you have achieved at this point by your behavior is essentially an eight year relief in the sentence that was originally imposed on you. I do want to state for the record that if I didn't

---

**1.** Ind.Code § 35–42–3–3.

**2.** Ind.Code § 35–44–3–3.

**3.** Ind.Code § 35–42–2–2.

believe that I could attach this enhancement to Count I, I would not have vacated Count II. I would have rather adjusted Count I in the PCR proceedings

Appellant's App. at 99–101 (paragraph format altered from original). Tipton now appeals.

## Discussion and Decision

■ Sentencing decisions are committed to the sound discretion of the trial court, and we review sentencing decisions only for a manifest abuse of discretion. *See Ault v. State,* 705 N.E.2d 1078, 1081 (Ind. Ct.App.1999). *See id.*

■ Tipton argues that the post-conviction court improperly repositioned his habitual offender enhancement from Count II to Count I. Tipton relies primarily on *Coble v. State,* 523 N.E.2d 228 (Ind.1988), in which Coble had been convicted of two counts of burglary and was found to be a habitual offender. *See id.* at 228. The trial court sentenced Coble to two years on each count, to run concurrently, and used Coble's habitual offender status to enhance the sentence on Count II by thirty years. *See id.* Coble appealed, and our supreme court vacated the habitual offender enhancement. *See id.* On remand, the trial court resentenced Coble to six years on Count I and to eight years on Count II and ordered his sentences to run consecutively. *See id.*

Coble appealed the resentencing and argued that the trial court exceeded its jurisdiction on remand when it purported to vacate his previous sentence on Count I and resentenced him on that count. *See id.* Our supreme court agreed and concluded that Coble's "sentence of two (2) years on Count I was not directly affected by the habitual offender status. It was a final judgment not subject to change upon remand." *Id.*

Tipton argues that "the trial court erred when it resentenced [him] on a count that remained unaffected by post-conviction relief." Appellant's Br. at 5. Tipton contends that the post-conviction court "did not have the authority to move the habitual to Count [I]. The first count was a final judgment not subject to change upon resentencing." *Id.*

We disagree and find the facts in this case more analogous to those in *Greer v. State,* 680 N.E.2d 526, 527 (Ind.1997). Greer was convicted of attempted murder and robbery and found to be a habitual offender, which status the trial court used to enhance the attempted murder charge. *See id.* at 526. On direct appeal, our supreme court reversed the attempted murder conviction. *See id.* At resentencing, the trial court repositioned the habitual offender enhancement to the robbery charge. *See id.* at 527. Greer appealed, arguing that *Coble* prohibited the repositioning of the enhancement to the unchanged robbery conviction. *See id.*

Our supreme court, however, declined "to interpret *Coble* .... to prevent the repositioning of the habitual offender enhancement when a defendant appeals from a judgment imposing multiple felony convictions and obtains a reversal of the conviction enhanced by a habitual offender finding." *Id.* Our supreme court instead relied on *McCormick v. State,* 262 Ind. 303, 317 N.E.2d 428 (1974), in which it "reversed one of two felony convictions and repositioned the habitual offender enhancement upon the affirmed conviction, rejecting the defendant's request to vacate the habitual offender finding because it was originally 'coupled' with the count subsequently vacated." *Id.* (citing *McCormick,* 262 Ind. at 307, 317 N.E.2d at 429).

In summarizing habitual offender enhancements, the *Greer* court stated that

[a] habitual offender finding does not constitute a separate crime nor result in a separate sentence, but rather results in a sentence enhancement imposed upon the conviction of a subsequent felony. In the event of simultaneous multiple felony convictions and a finding of habitual offender status, trial courts must impose the resulting penalty enhancement upon only one of the convictions and must specify the conviction to be so enhanced. However, a habitual offender finding is merely a jury's determination that, following a defendant's conviction for one or more felonies, the defendant has, in addition, accumulated two prior unrelated felony convictions. In the case of a habitual offender proceeding following multiple convictions, the jury finding of habitual offender status is not linked to any particular conviction.

*Id.* (citations omitted). The *Greer* court concluded,

Thus, although the penal consequence of a habitual offender finding has no independent status as a separate crime or punishment and exists only as an integral part of a sentence imposed for a specific independent felony, the process for charging and determining *a habitual offender status following a trial resulting in multiple felony convictions is independent of each particular felony conviction and applies equally to all such convictions.* .... The trial court on remand was not prohibited from revising the sentence for the surviving fel-

ony conviction to reflect the habitual offender enhancement.

*Id.* at 527–28 (emphasis added).

While *Greer* does not expressly permit repositioning of an enhancement upon vacation and re-entry of a felony conviction for the same count, neither does it expressly prohibit such repositioning. Further, nothing in *Greer* specifically limits repositioning to cases where repositioning is necessary because of the reversal of the underlying conviction on direct appeal. Thus, the post-conviction court was not prohibited from repositioning the habitual offender enhancement from Count II to Count I,[4] and it did not abuse its discretion in doing so.

Affirmed.

MATHIAS, J., concurs.

RILEY, J., dissents with separate opinion.

RILEY, Judge, dissenting.

I respectfully dissent from the majority's conclusion that the trial court did not err in moving Tipton's habitual offender sentence enhancement from Count 2 to Count 1 in the course of resentencing.

As the majority states, Tipton primarily relies on *Coble v. State,* 523 N.E.2d 228 (Ind.1988), in which our supreme court found that "Appellant's sentence of two (2) years on Count I was not directly affected by the habitual offender status. It was a final judgment not subject to change upon remand." With this in mind, Tipton ar-

---

4. The State acknowledges "that a court could not move the habitual enhancement and then increase the amount of the enhancement." Appellee's Br. at 6; *see also Champlain v. State,* 717 N.E.2d 567, 570 (Ind.1999) (noting that "[a] defendant cannot be sentenced after a successful appeal of his conviction for more than the original sentence unless there are changed circumstances to support the modifi-

cation. Both the United States Supreme Court and this Court have held that increased sentences violate the Due Process Clause because they improperly deter defendants from pursuing their right of appeal." (citations omitted)). At resentencing, the post-conviction court reduced Tipton's enhancement from twelve years to ten years.

gues that the trial court erred when it resentenced him on a count that remained unaffected by post-conviction relief. Tipton maintains that the trial court did not have the authority to move the habitual offender enhancement to Count 1, because Count 1 was a final judgment not subject to change upon resentencing.

On the other hand, the State cites to *Greer v. State*, 680 N.E.2d 526, 527–528 (Ind.1997), in which our supreme court ultimately determined:

> We decline to interpret *Coble (II)* to prevent the repositioning of the habitual offender enhancement when a defendant appeals from a judgment imposing multiple felony convictions and obtains a reversal of the conviction enhanced by a habitual offender finding. The trial court on remand was not prohibited from revising the sentence for the surviving felony conviction to reflect the habitual offender enhancement.

Similarly, in *McCormick v. State*, 262 Ind. 303, 307, 317 N.E.2d 428, 429 (1974), our supreme court reversed one of two felony convictions and repositioned the habitual offender enhancement upon the affirmed conviction, rejecting the defendant's request to vacate the habitual offender finding because it was originally "coupled" with the count subsequently vacated.

I cannot agree with the State's likening of *Greer* and *McCormick* to the instant case. In both of those cases, the habitual offender enhancement was repositioned because the felony to which it had previously been attached no longer existed. Thus, the move was necessary. However, here, the felony to which the habitual offender enhancement was attached was not reversed, vacated, or changed from a felony to a misdemeanor. Count 2 remained intact as a felony.

Ind.Code § 35–50–2–8, in pertinent part, provides:

> (a) Except as otherwise provided in this section, the state may seek to have a person sentenced as a habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions.

> \* \* \*

> (h) The court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the presumptive sentence for the underlying offense nor more than three (3) times the presumptive sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years.

Additionally, Ind.Code § 35–50–2–5 provides:

> A person who commits a Class B felony shall be imprisoned for a fixed term of ten (10) years, with not more than ten (10) years added for aggravating circumstances or not more than four (4) years subtracted for mitigating circumstances; in addition, he may be fined not more than ten thousand dollars ($10,000).

Furthermore, Ind.Code § 35–50–2–7(a) provides:

> A person who commits a Class D felony shall be imprisoned for a fixed term of one and one-half (1½) years, with not more than one and one-half (1½) years added for aggravating circumstances or not more than one (1) year subtracted for mitigating circumstances. In addition, he may be fined not more than ten thousand dollars ($10,000).

It is clear that the trial court, on resentencing, only moved Tipton's habitual offender enhancement because it would have been attached to a Class D felony. Had the enhancement remained on the Class D

felony, the trial court could not sentence Tipton to more than four and one-half (4½) years in addition to the three (3) years he received on Count 2. Seemingly, this was unacceptable to the trial court.

On November 1, 1994, Tipton was sentenced to fifteen (15) years on Count 1. On resentencing, Tipton was sentenced to fifteen (15) years, enhanced by ten (10) years due to his status as an habitual offender, for a total of twenty-five (25) years on Count 1. As previously stated, Count 1 was unaffected by the trial court's grant of Tipton's petition for post-conviction relief. While it is true that one's habitual offender status is not linked to any particular conviction, it was originally attached to Count 2. *See Greer*, 680 N.E.2d at 527. Count 2, though changed from a Class C felony to a Class D felony, has always remained a felony. Thus, there was nothing that necessitated a repositioning of the habitual offender enhancement as it did *Greer* and *McCormick*. Consequently, I would find that Count 1 was a final judgment not subject to change upon remand. *See Coble*, 523 N.E.2d at 228. Therefore, it would be my determination that the trial court's reliance on *Greer* was misplaced.