ATTORNEYS FOR APPELLANT
Steve Carter
Attorney General of Indiana

Christopher L. Lafuse
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Susan K. Carpenter
Public Defender of Indiana

Anne-Marie Alward
Deputy Public Defender
Indianapolis, Indiana

# In the
# Indiana Supreme Court

_____

No. 48S02-0510-PC-472

STATE OF INDIANA,

*Appellant (Respondent below),*

v.

DAVID LEON JONES,

*Appellee (Petitioner below).*

_____

Appeal from the Madison Superior Court, No. 48D03-9903-CF-55
The Honorable Thomas Newman, Jr., Judge

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 48A02-0308-PC-723

_____

**October 13, 2005**

**Shepard, Chief Justice.**

Petitioner David Leon Jones challenges a habitual offender enhancement based upon a handgun charge that was enhanced to a felony in the same proceeding. According to our decision in Ross v. State, 729 N.E.2d 113 (Ind. 2000), the habitual enhancement cannot be used for this purpose. We remand to the trial court to consider whether the habitual may be "repositioned" to one of the other felonies that petitioner was convicted of in the same proceeding.

1

**Facts and Procedural History**

On March 11, 1999 a police officer stopped petitioner David Jones after observing him stagger down the street and dispose of a bottle in a nearby yard. During the stop, Jones repeatedly placed his hands on his back, an action that prompted the officer to frisk him. During the pat down, the officer discovered a handgun, and as he attempted to remove it, a struggle ensued. Jones was able to flee, and entered a private residence where he remained until he was coaxed out and arrested.

A jury found Jones guilty of battery and carrying a handgun without a license, class A misdemeanors, and resisting law enforcement and residential entry, class D felonies. Jones then pled guilty to a charge that he had a prior felony conviction, thus elevating the handgun charge to a felony; he also pled to a habitual offender allegation.

The trial court sentenced Jones to an eight-year term for the handgun possession and added twelve years for the habitual offender enhancement. It ran the remaining sentences concurrent to the handgun sentence. Jones appealed his conviction, and the Court of Appeals affirmed. Jones v State, No. 48A05-9910-CR-453 (Ind. Ct. App. May 3, 2000).

On May 25, 2000, twenty-two days after that decision by the Court of Appeals, we decided Ross v. State, 729 N.E.2d 113, 116-17 (Ind. 2000). It held that the general habitual offender statute could not be used to enhance a sentence for handgun possession already enhanced from a misdemeanor to a felony. In July 2000, Jones filed a pro-se petition for post-conviction relief, later amended to include a request for relief under Ross. The court granted Jones' petition.

The State appealed, and the Court of Appeals reversed, concluding in part that the habitual offender enhancement was proper. State v. Jones, 805 N.E.2d 469, 474-75 (Ind. Ct.

App. 2004).  We grant transfer to address the application of <u>Ross</u>.  We otherwise summarily affirm the decision of the Court of Appeals.  Ind. Appellate Rule 58(A).

### Did Jones Forfeit the Claim?

We hold today that <u>Ross</u> is to be applied retroactively on collateral review to those cases final at the time of its announcement.  <u>Jacobs v. State</u>, __ N.E.2d __, __ (Ind. 2005).  The only question that remains is whether Jones' failure to amend his appellate brief, petition for rehearing, or seek transfer to this Court following our decision in <u>Ross</u>, which occurred within thirty days of the Court of Appeals denial of his original direct appeal, constitutes waiver of that issue on collateral review.  The State argues that by pleading guilty to the sentencing enhancements, Jones effectively "gave up his right to appeal those convictions" and his right to the retroactive application of <u>Ross</u>.

The purpose of post-conviction relief proceedings is to afford petitioners a forum in which "to raise issues unknown or unavailable to a defendant at the time of the original trial and appeal."  <u>Williams v. State</u>, 748 N.E.2d 887, 890  (Ind. Ct. App. 2001).  Surely, at the time of his trial and initial appeal, Jones could not have known about, nor had available to him, a case not yet decided.  Moreover, as the Indiana Rules of Procedure for Post-Conviction Remedies make clear, post-conviction relief encompasses provisions anticipating future changes in circumstances.  <u>See</u> Ind. Post-Conviction Rule 1 §(1).  Consequently, we cannot conclude, as the State argues, that a voluntary guilty plea automatically precludes relief in a post-conviction setting when there has been a change in the substantive law.

As for whether Jones waived any claim by failing to plead a new issue through rehearing or transfer, we observe that the issues in an appeal are typically fixed by the briefs tendered to the Court of Appeals.  Moreover, as the leading treatise in the field correctly observes, a petition for rehearing in the Court of Appeals must rely on the same theory as that advanced in the original brief.  George T. Patton, <u>Indiana Practice: Appellate Procedure</u> §12.1 (3d ed. 2001).  Insisting that Jones' lawyer on direct appeal find some heroic way to plead an authority decided

after the Court of Appeals had decided his case asks too much. We decline to find waiver. That is the extent of the good news for Jones.

The bad news for Jones is that the State is not precluded from seeking to re-sentence him under the habitual offender statute, inasmuch as the trial court was entering sentences on more than one felony. In similar cases, the repositioning of the general habitual finding to one of several felonies convictions within the same proceeding is authorized. Greer v. State, 680 N.E.2d 526, 527-28 (Ind. 1997)(repositioning habitual offender enhancement to another felony when originally enhanced felony is vacated); Tipton v. State, 765 N.E.2d 187, 190 (Ind. Ct. App. 2002) trans. denied (upholding repositioning of habitual offender enhancement when originally enhanced felony is vacated and re-entered as a lesser felony by post-conviction court). As we noted in Greer,

> a habitual offender finding is merely a jury's determination that, following a defendant's conviction for one or more felonies, the defendant has, in addition, accumulated two prior unrelated felony convictions. In the case of a habitual offender proceeding following multiple convictions, the jury finding of habitual offender status is not linked to any particular conviction. . . . [Thus,] a habitual offender status following a trial resulting in multiple felony convictions is independent of each particular felony conviction and applies equally to all such convictions.

680 N.E. 2d at 527 (internal citations omitted).

Consequently, the State could seek to reposition the general habitual offender finding to any one of the other felony convictions Jones received as a result of the prosecution for the March 1999 incident.

**Conclusion**

We thus affirm the post-conviction court's vacation of the general habitual offender sentence, but authorize the State to seek re-sentencing on its election.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.

4