# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**CASSANDRA J. WRIGHT**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Oct 18 2012, 9:09 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JOHN A. DUGAN,        )
                      )
    Appellant-Petitioner,     )
                      )
        vs.              )    No. 49A05-1202-PC-50
                      )
STATE OF INDIANA,       )
                      )
    Appellee-Respondent.     )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt M. Eisgruber, Judge
The Honorable Steven J. Rubick, Magistrate
Cause No. 49G01-0507-PC-118098

October 18, 2012

OPINION - FOR PUBLICATION

**BARNES, Judge**

## Case Summary

John Dugan appeals the post-conviction court's denial of his petition for post-conviction relief. We reverse and remand.

## Issues

Dugan raises two issues, which we restate as:

> I. whether the post-conviction court properly rejected Dugan's freestanding claim regarding his habitual offender enhancement; and
>
> II. whether the post-conviction court properly rejected Dugan's claim of ineffective assistance of appellate counsel.

## Facts

In 2005, the State charged Dugan with Class B felony possession of a firearm by a serious violent felon ("SVF"), Class D felony criminal recklessness, Class D felony pointing a firearm, and Class A misdemeanor carrying a handgun without a license. The State alleged that Dugan was a SVF because he had been convicted of Class C felony battery in 1994. The State also later alleged that Dugan was an habitual offender based on the 1994 battery conviction and an attempted burglary conviction.

At his February 2006 jury trial, the State dismissed all charges except the possession of a firearm by a SVF allegation and the habitual offender allegation. The jury found Dugan guilty of the possession of a firearm by a SVF charge, and Dugan pled guilty to the habitual offender allegation in exchange for the minimum ten-year sentence for the habitual offender enhancement. The trial court sentenced Dugan to fifteen years for the SVF conviction enhanced by ten years for his status as an habitual offender.

On direct appeal, Dugan argued that the trial court abused its discretion by denying Dugan's motion to bifurcate the possession of a handgun from the SVF determination. In February 2007, this court affirmed, and our supreme court denied transfer. See Dugan v. State, 860 N.E.2d 1288 (Ind. Ct. App. 2007), trans. denied.

In 2008, Dugan filed a petition for post-conviction relief, which he amended in 2011. Based on Mills v. State, 868 N.E.2d 446 (Ind. 2007), Dugan argued that his sentence was improper because defendants convicted of unlawful possession of a firearm by a SVF cannot have their sentences enhanced under the habitual offender statute by proof of the same felony used to establish that the defendant was a SVF. Dugan also argued that his appellate counsel was ineffective for failing to raise that issue on direct appeal.

After a hearing, the post-conviction court issued findings of fact and conclusions thereon denying Dugan's petition. The post-conviction court found that Dugan's sentence was proper at the time of his sentencing based on Townsend v. State, 793 N.E.2d 1092 (Ind. Ct. App. 2003), trans. denied. The post-conviction court also concluded that Dugan did not receive ineffective assistance of appellate counsel. The post-conviction court found that the issue was not clearly stronger than the issue raised by appellate counsel on direct appeal, that appellate counsel could not have anticipated our supreme court's interpretation of the issue in Mills, and that Dugan waived his right to challenge the habitual offender enhancement by pleading guilty. Dugan now appeals.

**Analysis**

Dugan appeals the post-conviction court's denial of his petition for post-conviction relief. A court that hears a post-conviction claim must make findings of fact and conclusions of law on all issues presented in the petition. Pruitt v. State, 903 N.E.2d 899, 905 (Ind. 2009) (citing Ind. Post-Conviction Rule 1(6)). "The findings must be supported by facts and the conclusions must be supported by the law." Id. Our review on appeal is limited to these findings and conclusions. Id. Because the petitioner bears the burden of proof in the post-conviction court, an unsuccessful petitioner appeals from a negative judgment. Id. (citing P-C.R. 1(5)). "A petitioner appealing from a negative judgment must show that the evidence as a whole 'leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court.'" Id. (quoting Allen v. State, 749 N.E.2d 1158, 1164 (Ind. 2001), cert. denied). Under this standard of review, "[we] will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion." Id.

*I. Freestanding Claim*

Dugan argues that his habitual offender enhancement is an illegal sentence. He contends that, at the time of his sentencing and direct appeal, opinions from this court were in conflict on the issue. In Conrad v. State, 747 N.E.2d 575, 595 (Ind. Ct. App. 2001), trans. denied, this court held that "a defendant convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the

4

defendant was a serious violent felon." Based on amendments to the relevant habitual offender statute that took effect after Conrad, this court reached a different result in Townsend. There, this court held that a trial court could properly use a "same prior felony to create the underlying felony of unlawful possession of a firearm by a serious violent felon and support the habitual offender enhancement . . . ." Townsend, 793 N.E.2d at 1097. Then, in 2007, after Dugan's direct appeal was final, our supreme court decided Mills. In Mills, our supreme court held that the amendments to the habitual offender statute did not clarify the issue and that "a person convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the person was a serious violent felon." Mills, 868 N.E.2d at 447. Dugan asks that we apply Mills retroactively to invalidate his habitual offender sentence enhancement.

"The purpose of post-conviction relief proceedings is to afford petitioners a forum in which 'to raise issues unknown or unavailable to a defendant at the time of the original trial and appeal.'" State v. Jones, 835 N.E.2d 1002, 1004 (Ind. 2005) (quoting Williams v. State, 748 N.E.2d 887, 890 (Ind. Ct. App. 2001)). As Mills had not been decided, it was not known or available to Dugan at the time of his trial or direct appeal and is available in post-conviction proceedings. See id. ("Surely, at the time of this trial and initial appeal, Jones could not have known about, nor had available to him, a case not yet decided.").

5

Dugan asks that we apply Mills retroactively based on our supreme court's holding in Jones, where the court applied retroactively an opinion holding that it was improper to apply an habitual offender enhancement to a handgun possession charge that was enhanced to a felony in the same proceeding. See id. at 1003 (relying on Ross v. State, 729 N.E.2d 113 (Ind. 2000)). Jones applied Ross retroactively on collateral review to cases that were final at the time of Ross's announcement. Id. Ross was a primary basis for the holdings in Conrad and Mills.

The State argues that, because Dugan pled guilty, he is not entitled to relief even if we apply Mills retroactively. In Mills, our supreme court ultimately held that the petitioner was not entitled to relief even though his sentence for a conviction of unlawful possession of a firearm by a SVF was improperly enhanced under the habitual offender statute. The petitioner was not entitled to relief because the double enhancement was imposed pursuant to a plea agreement. "[D]efendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy." Mills, 868 N.E.2d at 453 (quoting Lee v. State, 816 N.E.2d 35, 40 (Ind. 2004)). "Among the favorable outcomes Mills achieved were resolution of other charges pending against him and a sentence on those charges concurrent with that on the charges discussed in this opinion. Mills relinquished the right to challenge his sentence as an impermissible double enhancement when he pled guilty." Id.

Our supreme court reached a different result in Jones. There, a jury found the defendant guilty of several charges, and the defendant then pled guilty to an elevated

handgun charge and being an habitual offender. There is no indication in Jones that the defendant received a benefit for pleading guilty. Despite the defendant's guilty plea, our supreme court found that Ross applied retroactively, vacated the habitual offender sentence, and remanded for resentencing. Jones, 835 N.E.2d at 1004. The court noted that it could not "conclude, as the State argues, that a voluntary guilty plea automatically precludes relief in a post-conviction setting when there has been a change in substantive law."[1] Id.

We conclude that the circumstances here are more like those in Jones than in Mills. Dugan pled guilty to being an habitual offender, but unlike in Mills, Dugan did not receive a favorable outcome as a result of his guilty plea. The only benefit that Dugan received was a guaranteed minimum sentence on the habitual offender enhancement, which was the illegal sentence at issue. This is not a case where other charges were dropped or reduced as a result of the guilty plea. As a result, we conclude that, pursuant to Jones, Dugan's guilty plea does not preclude relief in this case. Because Dugan's direct appeal was final at the time Mills was announced, Dugan is entitled to its retroactive application. Dugan was entitled to post-conviction relief on this freestanding claim, and the post-conviction court erred by denying the claim. Because Dugan is

---

[1] Our supreme court also granted relief to the defendant based on Conrad and Mills in Dye v. State, 972 N.E.2d 853 (Ind. 2012). However, in Dye, the defendant had pled guilty to the unlawful possession of a firearm by a SVF charge but had a trial on the habitual offender allegation. The defendant was challenging the habitual offender enhancement on direct appeal. Thus, the defendant was not attempting to challenge a guilty plea. Here, Dugan had a trial on the unlawful possession of a firearm by a SVF charge but pled guilty to the habitual offender allegation. He is now challenging the habitual offender enhancement in post-conviction proceedings.

7

entitled to relief on this claim, we need not address his claim of ineffective assistance of appellate counsel.

## Conclusion

The post-conviction court erred when it denied Dugan's claim that <u>Mills</u> applied retroactively to his habitual offender enhancement. Accordingly, we reverse and remand for the post-conviction court to vacate Dugan's habitual offender enhancement.

Reversed and remanded.

VAIDIK, J., and MATHIAS, J., concur.