

FILED

Jan 11 2024, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Sam Collins
Greencastle, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Sam Collins,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

January 11, 2024

Court of Appeals Case No.
23A-CR-1808

Appeal from the Greene Circuit
Court

The Honorable Erik C. Allen,
Judge

Trial Court Cause No.
28C01-0208-FB-110

**Opinion by Chief Judge Altice**
Judges Weissmann and Kenworthy concur.

**Altice, Chief Judge.**

Court of Appeals of Indiana | Opinion 23A-CR-1808 | January 11, 2024          Page 1 of 7

## Case Summary

Sam C. Collins, pro se, appeals the trial court's partial denial of his motion to correct sentence. Because the sentencing error at issue is apparent on the face of the sentencing judgment, Collins is entitled to a prompt correction of his sentence.

We reverse and remand.

## Facts & Procedural History

In bifurcated jury trials, Collins was found guilty of Class B felony unlawful possession of a firearm by a serious violent felon (SVF), Class B felony burglary, and Class D felony theft and was determined to be a habitual offender. Thereafter, on November 26, 2002, the trial court sentenced him to ten years on the SVF conviction, twenty years on the burglary conviction, and three years on the theft conviction. The court enhanced both the theft and burglary sentences by twenty years based on the habitual offender adjudication and ordered the burglary and SVF sentences to be served consecutive to each other and concurrent with the theft sentence, resulting in an aggregate sentence of fifty years in the Indiana Department of Correction.

The trial court's sentencing judgment listed Collins's prior criminal history, which included several misdemeanor offenses and only two felony offenses. These two felony offenses – a 1990 Class D felony OWI and a 1995 Class B felony robbery – served as the predicate offenses for the habitual offender adjudication, and the SVF determination was based on the robbery.

[5] On direct appeal, Collins argued, among other things, that the habitual offender enhancement was improper because his prior robbery conviction was used to establish that he was both a SVF and a habitual offender. Relying on *Anderson v. State*, 774 N.E.2d 906 (Ind. Ct. App. 2002), this court found no error as the habitual offender enhancement was not applied to the SVF sentence. We affirmed Collins's convictions and sentence in a memorandum decision issued in November 2003. *Collins v. State*, No. 28A04-0301-CR-38 (Ind. Ct. App. November 25, 2003), *trans. denied*. Then, in 2007, Collins pursued an unsuccessful petition for post-conviction relief, the denial of which was affirmed on appeal. *See Collins v. State*, No. 28A04-0603-PC-212 (Ind. Ct. App. August 23, 2007), *trans. denied*.

[6] In April 2023, Collins, pro se, filed a verified motion to correct sentence, which he subsequently amended. As amended, Collins's motion alleged two sentencing errors: (1) he was subjected to an impermissible double enhancement as set out in *Sweatt v. State*, 887 N.E.2d 81 (Ind. 2008) and (2) the trial court improperly attached the habitual offender enhancement to two counts. Collins provided extensive briefing in support of his motion.

[7] On July 25, 2023, the trial court granted Collins's motion in part and denied it in part. The court corrected the original sentencing order by assigning the habitual offender enhancement to only the burglary count. But it found that Collins's other claim of error was not facially apparent on the sentencing judgment and thus would need to be brought through a successive petition for

post-conviction relief. Collins now appeals this partial denial of his motion to correct sentence.

## Discussion & Decision

[8] Collins filed his motion to correct sentence pursuant to Indiana Code § 35-38-1-15, which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

This statutory remedy is intended to "provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence" and is available only where a sentence is erroneous on its face. *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (internal quotations omitted). Yet where a claimed sentencing error is not facially apparent – "clear from the face of the judgment imposing the sentence in light of the statutory authority" – it may be raised only via direct appeal or, where appropriate, post-conviction relief. *Id*. at 787. In other words, "[c]laims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id*.

[9] Here, Collins argues that his sentence constituted an impermissible double enhancement that was clear on the face of the sentencing judgment. His claim

is based on the Supreme Court's holding in *Sweatt*, which was issued in 2008 after Collins's direct and post-conviction appeals were final. The Supreme Court recognized that using the same prior felony conviction as the basis for a SVF count and as grounds for a habitual offender finding does not itself create a double enhancement if the habitual offender enhancement is attached to some offense other than the SVF. *Sweatt*, 887 N.E.2d at 84. But the Court held that an impermissible double enhancement does arise where the two offenses are ordered to be served consecutively. *Id*. ("In a case where separate counts are enhanced based on the same prior felony conviction, ordering the sentences to run consecutively has the same effect as if the enhancements both applied to the same count."). This is precisely what happened here – Collins's 1995 robbery conviction was used for the SVF count and as a predicate offense for the habitual offender enhancement to his burglary count and the SVF and burglary sentences were ordered to be served consecutively.

[10]   The State contends that Collins's double enhancement claim requires examination of matters beyond the face of the sentencing judgment. We do not agree. While such a claim might often require reference to other matters in or extrinsic to the record, such is not the case here where the trial court's order contains a list of Collins's criminal history, which shows only two prior felony

convictions. Accordingly, we need look no further than the order to determine that the 1995 robbery was used twice to enhance his aggregate sentence.[1]

[11] Still, the State argues that consideration of *Sweatt* itself constitutes looking beyond the face of the sentencing judgment because that case came five years after Collins's 2003 sentencing. We find this argument to be a stretch. To be clear, the State does not suggest that the holding in *Sweatt* cannot be retroactively applied to Collins.[2] The State contends only that "no matter what the holding in *Sweatt*, it has nothing to do with defining the statutory or legal authority at the time [Collins] was sentenced in 2003" and therefore Collins's argument is grounded "in a change in circumstances" that must be raised through a petition for post-conviction relief. *Appellee's Brief* at 8, 9.

[12] In support of its argument, the State directs us to *Poore v. State*, 613 N.E.2d 478 (Ind. Ct. App. 1993), where we emphasized that a facially defective sentence is one that "violates express statutory authority *at the time* the sentence is pronounced." *Id*. at 480 (emphasis in original). In *Poore*, the defendant filed a motion to correct sentence after one of the predicate offenses underlying his habitual offender adjudication was vacated. Because the defendant was

---

[1] This court's memorandum decision in Collins's direct appeal also indicated that the robbery conviction was used to establish him as a SVF and as a predicate offense, along with the prior felony OWI conviction, to support the habitual offender finding. *Collins*, No. 28A04-0301-CR-38, slip op. at 4.

[2] As the law of double enhancement has evolved over time, the holdings have been applied retroactively where appropriate. *See, e.g.*, *Jacobs v. State*, 835 N.E.2d 485, 491 (Ind. 2005); *Dugan v. State*, 976 N.E.2d 1248, 1250 (Ind. Ct. App. 2012), *trans. denied*.

attacking a formerly valid sentence that later became subject to attack because of a change in circumstance – the vacation of an underlying felony conviction – we held that he could not seek redress through a motion to correct sentence. *Id.* ("[T]he statutory motion to correct erroneous sentence is not the appropriate procedural mechanism to challenge an habitual offender enhancement when a conviction underlying the enhancement is subsequently vacated."). This makes sense because the defendant's claim hinged on a circumstance that did not exist at the time he was sentenced and, more particularly, required reference to matters beyond the face of the sentencing judgment.

[13] Unlike *Poore*, the claimed sentencing error here relates only to circumstances existing at the time of sentencing that were specifically set out in the sentencing order. The order reflects an obvious double enhancement based on the same prior robbery conviction, and resolution of Collins's claim does not require consideration of matters beyond the face of the judgment.

[14] Based on the above, we conclude that the trial court erred in denying the motion to correct sentence. On remand, the trial court is directed to modify Collins's sentence to remedy the double enhancement defect, which may entail ordering the SVF and the enhanced burglary sentences to be served concurrently.

[15] Reversed and remanded.

Weissmann, J. and Kenworthy, J., concur.