


FILED

May 29 2025, 9:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Bernard L. McGuire,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

May 29, 2025

Court of Appeals Case No.
24A-CR-2491

Appeal from the Marion Superior Court

The Honorable Marie L. Kern, Judge

Trial Court Cause No.
49D28-2201-F3-659

---

**Opinion by Judge Tavitas**
Chief Judge Altice and Judge Brown concur.

**Tavitas, Judge.**

## Case Summary

Following a jury trial, Bernard McGuire was convicted of aggravated battery and attempted murder. The trial court attached a firearm enhancement to McGuire's sentence for attempted murder. McGuire appeals and argues: (1) his two convictions constitute double jeopardy because the aggravated battery was included as charged in the attempted murder charge; and (2) the trial court erred by attaching the firearm enhancement to the attempted murder conviction because the enhancement was originally filed in connection with the aggravated battery charge.

We conclude that McGuire's convictions constitute double jeopardy, and we remand with instructions that the lesser included offense of aggravated battery be vacated. But we find no error in the trial court attaching the firearm enhancement to the attempted murder conviction. Accordingly, we affirm in part, reverse in part, and remand.

## Issues

McGuire raises two issues, which we restate as:

I. Whether his convictions for aggravated battery and attempted murder constitute double jeopardy.

II. Whether the trial court abused its discretion by attaching the firearm enhancement to the attempted murder conviction.

## Facts

On January 2, 2022, Kaouthar Chamem went to McGuire's apartment to shave McGuire's head and face, as she normally did weekly. She brought her infant son with her. After the shave, McGuire went into his bedroom and emerged holding a rifle. As Chamem turned toward him, he shot her once in the neck. Chamem was able to escape into the hallway, and a neighbor contacted 911. McGuire was arrested, and Chamem suffered serious injuries but miraculously survived.

On January 7, 2022, the State charged McGuire with: Count I, aggravated battery, a Level 3 felony; and Count II, unlawful possession of a firearm by a serious violent felon, a Level 4 felony. On March 29, 2023, the State added a firearm enhancement, alleging that McGuire used a firearm in the execution of the aggravated battery. The State amended the language of the firearm enhancement on February 20, 2024, to specify the firearm used.[1]

The following day, the State moved to amend the information to allege Count III, attempted murder, a Level 1 felony, which the trial court granted. On

---

[1] As amended, the firearm enhancement alleges, in relevant part:

> BERNARD LAMONT MCGUIRE, on or about [] January 2, 2022, heretofore charged in Part I of this information with an offense described in I.C. 35-50-2-11(b), did knowingly or intentionally use a firearm, that is: One 5.56 NATO caliber Smith & Wesson semiautomatic rifle, model M&P-15, in the commission of said offense[.]

Appellant's App. Vol. II p. 38.

March 5, 2024, the State amended the information to allege that McGuire was an habitual offender.

[7] McGuire was tried before a jury in May 2024, and the jury found him guilty as charged. The State subsequently moved to dismiss the charge of unlawful possession of a firearm by a serious violent felon, which the trial court granted. McGuire waived his right to a jury trial regarding the firearm enhancement and the habitual offender enhancement, and the trial court found that those enhancements were supported by the evidence.

[8] The trial court held a sentencing hearing on July 12, 2024. The trial court entered judgments of conviction and sentenced McGuire to concurrent sentences of thirty-five years for attempted murder and nine years for aggravated battery. The trial court imposed consecutive sentences for the firearm enhancement and for McGuire's status as an habitual offender. The abstract of judgment indicates that the trial court attached both enhancements to the attempted murder conviction. McGuire now appeals.

## Discussion and Decision

### I. Double Jeopardy—Factually Included Offenses

[9] McGuire first argues that his convictions for both aggravated battery and attempted murder constitute double jeopardy, which the State concedes. We agree. We review double jeopardy violation claims de novo. *Gaunt v. State*, 209 N.E.3d 463, 465 (Ind. Ct. App. 2023) (citing *Wadle v. State*, 151 N.E.3d 227, 237 (Ind. 2020)), *trans. denied.*

"'[S]ubstantive double jeopardy claims come in two principal varieties: (1) when a single criminal act or transaction violates a single statute but harms multiple victims, and (2) when a single criminal act or transaction violates multiple statutes with common elements and harms one or more victims.'" *Demby v. State*, 203 N.E.3d 1035, 1041-42 (Ind. Ct. App. 2021) (quoting *Wadle*, 151 N.E.3d at 247), *trans. denied.* Our Supreme Court's decision in *Powell v. State*, 151 N.E.3d 256 (Ind. 2020), addresses the first variety, and its decision in *Wadle*, 151 N.E.3d 227, addresses the second. Here, McGuire was convicted of aggravated battery and attempted murder. Because the two challenged convictions implicate separate statutes, the *Wadle* test applies.

### *Wadle* Step 1

*Wadle*'s first step requires us to determine whether "'the language of either statute clearly permits multiple punishment, either expressly or by unmistakable implication[.]'" *A.W. v. State*, 229 N.E.3d 1060, 1066 (Ind. 2024) (quoting *Wadle*, 151 N.E.3d at 248). If the statutes so permit, "'the court's inquiry comes to an end and there is no violation of substantive double jeopardy.'" *Id.* (quoting *Wadle*, 151 N.E.3d at 248). Here, the relevant statutes do not clearly permit multiple punishment. Accordingly, we turn to *Wadle*'s second step.

### *Wadle* Step 2

*Wadle*'s second step requires the determination of whether the offenses are included "either inherently or as charged . . . ." *Id.* at 1067 (quoting *Wadle*, 151 N.E.3d at 248). If neither offense is an included offense of the other, "'there is

no violation of double jeopardy' and the analysis ends—full stop." *Id.* (quoting *Wadle*, 151 N.E.3d at 248). "But if one offense is included in the other, the court must proceed to Step 3." *Id.* (citing *Wadle*, 151 N.E.3d at 248).

[13]    Included offenses come in two forms: inherently included offenses and offenses that are included as charged. An offense is inherently included if it meets the definition of "included offense" in Indiana Code Section 35-31.5-2-168.[2] *Id.* at 1066-67. An offense is included as charged (or "factually included") if "'the charging instrument alleges that the means used to commit the crime charged include all of the elements of the alleged lesser included offense.'" *Id.* at 1067 (quoting *Wadle*, 151 N.E.3d at 251 n.30). In determining whether offenses are included as charged, we "examine only the **facts as presented on the face of the charging instrument**." *Id.* (emphasis in original).

[14]    McGuire argues that, based on the language of the charging information, his aggravated battery offense was included as charged in the attempted murder

---

[2] This statute defines "[i]ncluded offense" as an offense that:

> (1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;
>
> (2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or
>
> (3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission.

charge. Indiana Code Section 35-42-2-1.5 governs aggravated battery and provides:

> A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes:
>
> > (1) serious permanent disfigurement;
> >
> > (2) protracted loss or impairment of the function of a bodily member or organ; or
> >
> > (3) the loss of a fetus;
>
> commits aggravated battery, a Level 3 felony[.]

[15]  Indiana Code Section 35-42-1-1 governs murder and provides, in relevant part: "A person who . . . knowingly or intentionally kills another human being . . . commits murder, a felony." I.C. 35-42-1-1(1). Indiana's attempt statute, Indiana Code Section 35-41-5-1(a), provides:

> A person attempts to commit a crime when, acting with the culpability required for commission of the crime, the person engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same level or class as the crime attempted. However, an attempt to commit murder is a Level 1 felony.

[16]  The question is whether the charging information, in alleging that McGuire committed attempted murder, alleged that "'the means used to commit'" the attempted murder "'include all of the elements of'" aggravated battery. *A.W.*,

229 N.E.3d at 1067 (quoting *Wadle*, 151 N.E.3d at 251 n.30). The information alleges:

> On or about January 2, 2022, BERNARD LAMONT MCGUIRE did attempt to commit the crime of Murder, which is to intentionally kill another human being, namely: Kaouthar Chamem, by engaging in conduct, that is: shooting Ms. Chamem in the neck with a rifle, with the specific intent to kill Kaouthar Chamem, which conduct constituted a substantial step toward the commission of said crime of Murder[.]

Appellant's App. Vol. II p. 42.

[17] The facts alleged in the information in support of the attempted murder charge meet all the elements of aggravated battery; by alleging that McGuire "sho[t] Ms. Chamem in the neck with a rifle, with the specific intent to kill Kaouthar Chamem," *id.*, the information necessarily alleged that McGuire "knowingly or intentionally inflict[ed] injury on [Kaouthar] that create[d]" "a substantial risk of death or cause[d] . . . serious permanent disfigurement" or "protracted loss or impairment of the function of a bodily member or organ," Ind. Code § 35-42-2-1.5. McGuire's aggravated battery offense, thus, is included as charged in the attempted murder charge. We, therefore, proceed to *Wadle* step 3 to determine whether McGuire's convictions for both the greater and lesser offenses constitute double jeopardy.

### *Wadle* Step 3

[18] In *Wadle*'s final step, we "examine the **facts underlying th[e] offenses**, as presented in the charging instrument and as adduced at trial." *A.W.*, 229

N.E.3d at 1071 (quoting *Wadle*, 151 N.E.3d at 249 (emphasis added)). Based on these facts, we

> determine whether a defendant's actions were "so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." [*Wadle*, 151 N.E.3d] at 249. If the underlying facts reveal the two offenses are indeed "separate," there is no *Wadle* violation, "even if one offense is, by definition, 'included' in the other." *Id.* That said, if the "facts show only a single continuous crime, and one statutory offense is included in the other, then the prosecutor may charge these offenses only as alternative (rather than cumulative) sanctions." *Id.*

*Id*.

[19] Here, it is clear that the aggravated battery and attempted murder arise from the same transaction. Both offenses were based on McGuire's single act of shooting Chamem on January 2, 2022. McGuire's dual convictions for aggravated battery and attempted murder, thus, constitute double jeopardy. Accordingly, we remand with instructions that the trial court vacate McGuire's conviction for the lesser included offense of aggravated battery. *See Demby*, 203 N.E.3d 1044-46 (holding that aggravated battery conviction was factually included in attempted murder conviction and remanding for the former conviction to be vacated).

## II. Firearm Enhancement

[20] McGuire next argues that the trial court erred by attaching the firearm enhancement to the attempted murder conviction. According to McGuire, the

language of the firearm enhancement information only referenced the aggravated battery charge; the firearm enhancement, thus, can only attach to the aggravated battery conviction; and, because the aggravated battery conviction must be vacated due to double jeopardy principles, the firearm enhancement "must also be vacated." Appellant's Br. p. 10. We review whether the trial court abused its discretion by attaching the firearm enhancement to the attempted murder conviction for an abuse of the trial court's discretion. *See Tipton v. State*, 765 N.E.2d 187, 189 (Ind. Ct. App. 2022), *trans. denied*.

[21] Statutory authorization for a firearm enhancement is provided by Indiana Code Section 35-50-2-11 ("Firearm Enhancement Statute"), which provides in relevant part:

> (a) As used in this section, "firearm" has the meaning set forth in IC 35-47-1-5.[3]
>
> (b) As used in this section, "offense" means:
>
>> (1) a felony under IC 35-42 that resulted in death or serious bodily injury;

---

[3] This statute defines "firearm" as "any weapon:"

    (1) that is:

      (A) capable of expelling; or

      (B) designed to expel; or

    (2) that may readily be converted to expel;

    a projectile by means of an explosion.

(2) kidnapping;

(3) criminal confinement as a Level 2 or Level 3 felony; or

(4) attempted murder.

\* \* \* \* \*

**(d)  The state may seek, on a page separate from the rest of a charging instrument, to have a person who allegedly committed an offense sentenced to an additional fixed term of imprisonment if the state can show beyond a reasonable doubt that the person knowingly or intentionally used a firearm in the commission of the offense.**

\* \* \* \* \*

(g)  If the jury (if the hearing is by jury) or the court (if the hearing is to the court alone) finds that the state has proved beyond a reasonable doubt that the person knowingly or intentionally used a firearm in the commission of the offense under subsection (d), the court may sentence the person to an additional fixed term of imprisonment of between five (5) years and twenty (20) years.

(Emphasis added).

[22]   The Firearm Enhancement Statute, thus, "permits the trial court to impose an additional 5- to 20-year fixed term of imprisonment if the State can show beyond a reasonable doubt that the defendant knowingly or intentionally used a firearm in the commission of the underlying offense." *State v. Vande Brake*, 150 N.E.3d 595, 595 (Ind. 2020) (citing Ind. Code § 35-50-2-11(d), (g)).

[23] Here, we conclude that the trial court did not abuse its discretion by attaching the firearm enhancement to the attempted murder conviction. We start with the interpretation of the Firearm Enhancement Statute.

> We begin with the statutory language itself. We read the words in their plain and ordinary meaning, taking into account the structure of the statute as a whole. We presume the General Assembly intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals.

*Spells v. State*, 225 N.E.3d 767, 772 (Ind. 2024) (citations and internal quotations omitted).

[24] The Firearm Enhancement Statute requires that, if the State seeks to enhance the sentence of a person who committed "an offense[,]" the State must file the enhancement "on a page separate from the rest of a charging instrument" and prove beyond a reasonable doubt that the person "knowingly or intentionally used a firearm in the commission of the offense." I.C. § 35-50-2-11(d). Here, the State filed the firearm enhancement on a separate page from the charged offenses and proved beyond a reasonable doubt that McGuire committed both attempted murder and aggravated battery. Both offenses were based on McGuire shooting Chamem. The trial court then determined that McGuire used a firearm in shooting Chamem for the purposes of the firearm enhancement. Judgments of conviction were entered by the trial court on both of McGuire's offenses.

McGuire argues that, because the firearm enhancement was filed before the attempted murder charge was added and references "Part I" of the information—where the aggravated battery was charged—the enhancement could only be applied to the aggravated battery and not the attempted murder. We disagree. The amended firearm enhancement filed in this case states:

> Bernard McGuire, on or about January 2, 2022, heretofore charged in Part I of this Information with an offense described in I.C. 35-50-2-11(b), did knowingly or intentionally use a firearm, that is: One 5.56 NATO caliber Smith & Wesson semiautomatic rifle, model M&P-15, in the commission of said offense[.]

Appellant's App. Vol. II p. 38.

The Firearm Enhancement Statute does not require the enhancement to be filed in connection with a specific "charge." Rather, the statute uses the word "offense." The common law has long recognized that "a 'lesser included' offense is the 'same' as its greater (encompassing) offense." *Wadle*, 151 N.E.3d at 240 (citing *Kokenes v. State*, 13 N.E.2d 524, 525-26 (1938); *Wininger v. State*, 13 Ind. 540, 541 (1859)); *see also Cummings v. State*, 434 N.E.2d 90, 92 (Ind. 1982) (noting that a defendant's convictions for both a lesser included and greater offense "subject[] the defendant to double punishment for the same offense" in violation of Article 1, Section 14 of the Indiana Constitution).

Here, McGuire was charged with both aggravated battery and attempted murder, and we have determined that the aggravated battery is a lesser included

offense of the attempted murder. Both of these offenses are "offense[s]" capable of being enhanced by the Firearm Enhancement Statute—aggravated battery because it is a "felony under IC 35-42 that resulted in death or serious bodily injury" and attempted murder because it is specifically listed as a qualifying offense in the Firearm Enhancement Statute. *See* Ind. Code § 35-50-2-11(b). Under these limited circumstances, we conclude that the trial court could attach the enhancement to the greater offense.

[28] Moreover, McGuire had full notice that the State was seeking to enhance his sentence based on his use of a firearm, as both the aggravated battery and attempted murder were based on the same act of shooting Chamem. I.C. § 35-50-2-11(d); *see Gilliland v. State*, 979 N.E.2d 1049, 1060 (Ind. Ct. App. 2012) ("The purpose of the charging information is to provide a defendant with notice of the crime of which he is charged so that he is able to prepare a defense."). To require the State to file separate firearm enhancements for both the greater and lesser included offenses here would be needlessly cumulative and formalistic. We conclude that the trial court did not abuse its discretion by attaching the firearm enhancement to the attempted murder conviction.[4]

---

[4] In *Demby*, 203 N.E.3d at 1046, the defendant was convicted of aggravated battery and attempted murder, and we determined that the convictions constituted double jeopardy because the aggravated battery conviction was factually included in the attempted murder conviction. We ordered the aggravated battery conviction to be vacated along with the firearm enhancement filed in connection with the aggravated battery charge. We do not find *Demby* to be controlling regarding the vacatur of the firearm enhancement here because, in *Demby*, neither the trial court at sentencing nor the State on appeal sought to attach the firearm enhancement to the greater offense.

## Conclusion

[29] McGuire's convictions for aggravated battery and attempted murder constitute double jeopardy. We, therefore, remand with instructions that the aggravated battery conviction be vacated. The trial court, however, did not abuse its discretion by attaching the firearm enhancement to the attempted murder conviction. Accordingly, we affirm in part, reverse in part, and remand.

[30] Affirmed in part, reversed in part, and remanded.

Altice, C.J., and Brown, J., concur.

ATTORNEY FOR APPELLANT

Denise L. Turner
DTurner Legal LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana